UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| MANETIONY CLERVRAIN; COBBINA OSEI-FOSU; AND BRANDAKO, INC., <br><br>Plaintiffs,<br><br>v.<br><br>CALEB HEIMLICH, et al.,<br><br>Defendants. | NO. 2:22-CV-0002-TOR <br><br> ORDER DISMISSING COMPLAINT |
|---|---|

BEFORE THE COURT is Plaintiffs' Complaint (ECF No. 1), *Ex Parte* Application to Proceed *In Forma Pauperis* (ECF No. 2), *Ex Parte* Motion for Mitigating Financial Burden (ECF No. 3), and Motion for Extension of Page Limitations (ECF No. 5).  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, all claims asserted in Plaintiff's Complaint (ECF No. 1) against all Defendants are **DISMISSED with prejudice**.  Plaintiffs' Applications for *In Forma Pauperis* status are **DENIED**.  Plaintiffs' Motion for Extension of Page Limitations is **DENIED** as moot.

ORDER DISMISSING COMPLAINT ~ 1

# BACKGROUND

Plaintiffs, proceeding *pro se* and seeking *in forma pauperis* status, filed this suit on January 4, 2022, against some seventy-four Defendants. ECF No. 1. Plaintiffs' Complaint is not signed. Plaintiffs' Complaint is incomprehensible and contains no basis for this Court's jurisdiction. Plaintiff Clervrain purportedly resides in Indiana. Plaintiffs seek hundreds of billions of dollars in damages.

# DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."

ORDER DISMISSING COMPLAINT ~ 2

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle [her] to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

ORDER DISMISSING COMPLAINT ~ 3

1   The Court finds that Plaintiffs have failed to state facts which "plausibly

2 give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## OPPORTUNITY TO AMEND

4   Unless it is absolutely clear that amendment would be futile, a *pro se* litigant

5 must be given the opportunity to amend his complaint to correct any deficiencies.

6 *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28

7 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

8 2012). The Court finds that it is absolutely clear that no amendment will cure the

9 deficiencies in Plaintiffs' Complaint. Therefore, the Court dismisses Plaintiffs'

10 Complaint with prejudice.

## DENIAL OF *IN FORMA PAUPERIS* STATUS

12   Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma*

13 *pauperis* if the trial court certifies in writing that it is not taken in good faith." The

14 good faith standard is an objective one, and good faith is demonstrated when an

15 individual "seeks appellate review of any issue not frivolous." *See Coppedge v.*

16 *United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an

17 appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*,

18 490 U.S. 319, 325 (1989).

19   The Court finds that any appeal of this Order would not be taken in good

20 faith and would lack any arguable basis in law or fact. Accordingly, the Court

hereby denies Plaintiffs' application for *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED with prejudice**.

2. Plaintiffs' Applications for *in forma pauperis* status (ECF No. 2 and 3) are hereby **DENIED**.

3. Plaintiffs' Motion for Extension of Page Limitations (ECF No. 5) is **DENIED** as moot.

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

5. Plaintiffs are advised that the filing of further frivolous actions in this District will result in the imposition of more serious sanctions than dismissal.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to Plaintiffs, and **CLOSE** the file.

DATED January 5, 2022.

THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 5